UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TREVON, a man of the Thom Lineage,

    Plaintiff,

v.

NEW YORK STATE UNIFIED COURT SYSTEM; QUEENS CIVIL COURT; FLUSHING PRESERVATION LP; ROBERT I. MILLER ESQ; JOHN/JANE DOES 1–20,

    Defendants.

**MEMORANDUM & ORDER**
26-CV-00106 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

On January 8, 2026, Plaintiff Trevon,[1] proceeding *pro se*, commenced this action asserting claims related to his eviction pursuant to a proceeding in New York State Court, Queens County. *See* ECF No. 1 (Complaint).[2] Plaintiff did not pay the requisite filing fee, and after the Clerk of Court provided notice of his deficient filing, Plaintiff applied to proceed *in forma pauperis* ("IFP"). ECF Nos. 4 (Notice of Deficient Filing), 5 (IFP Motion). Along with his IFP application, Plaintiff submitted a "Notice of Constitutional Objection and Reservation of Rights regarding Filing Fee," which asserts that he "submits the IFP application under protest and without waiver" of his "[c]onstitutional rights," "[e]quitable claims," "[a]ppellate rights," or

---

[1] Plaintiff filed this action without providing his full name, as he did in his prior three actions. *See Trevon v. Cap. One Fin. Corp.*, No. 24-cv-06296; *Trevon from the Family of Thom v. The Family Court of the State of New York*, No. 24-cv-7337; *Trevon from the Family of Thom v. Flushing Preservation LP*, No. 25-cv-5954. Plaintiff paid the filing fee in both 2024 actions. The 2025 action was dismissed without prejudice for failure to comply with the Court's filing fee requirement.

[2] Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

"[t]he right to challenge the constitutionality of 28 U.S.C. § 1914 as applied." ECF No. 6 at 3, 4. Plaintiff has also filed six requests for immediate relief, *see* ECF Nos. 2, 7–11, which the Court may not address until the filing fee has been paid or waived. For the reasons set forth below, Plaintiff's application to proceed IFP and waive the filing fee is DENIED without prejudice to renewal.

Federal law and the Court's rules require the advance payment of a filing fee to initiate a civil action in federal district court. Specifically, 28 U.S.C. § 1914 requires that parties commencing any civil action "pay a filing fee of $350" plus "additional fees" of $55 as "prescribed by the Judicial Conference of the United States" and authorizes the Court to "require advance payment of fees." And Local Civil Rule 1.7(a) provides that "[t]he clerk will not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee for the particular service is paid to the clerk in advance or the court orders otherwise."

However, under 28 U.S.C. § 1915, a court may waive the payment of the $405 filing fee and grant a plaintiff's request to proceed IFP upon finding that a plaintiff is unable to pay such fee. Section 1915 is designed to ensure that indigent people have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" the filing fee "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1).

Section 1915 also authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army*

*Corps of Engineers*, No. 21-cv-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to [IFP] status." *Dan M. v. Kijakazi*, No. 22-cv-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Here, Plaintiff's application is insufficient to establish an entitlement to IFP status. In his motion, Plaintiff indicates that he is unemployed, receives no income whatsoever, has no money in a checking or savings account, and has no assets. *See* ECF No. 5. Plaintiff further explains that he receives public benefits for transportation and housing but fails to provide the amount of benefits he receives monthly. *Id.* at 2. He also mentions that he "pay[s] a portion of [his] rent" without providing the total amount of rent or the portion that he pays. *Id.*

If Plaintiff relies on another person for support, he must explain that in his IFP application. *Jones v. ACS/Queens Field Office*, No. 23-cv-05742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) ("One potential explanation, which a court may consider when assessing an application to proceed [IFP], is that the applicant has access to resources from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend."). "But where, as here, the affidavit[] [does] not fully and candidly explain how the plaintiff[] support[s] [himself], or who else supports [him], IFP status is inappropriate." *Id.*

Should Plaintiff timely submit the filing fee or establish an entitlement to IFP status, the Court will then determine whether it has subject matter jurisdiction to consider this case. Indeed, wrongful eviction claims, whether for a temporary or final eviction, are state law claims over which this Court lacks subject matter jurisdiction. *See Allied Manor Road LLC v. Berrios*, No. 17-cv-2277, 2017 WL 5558650, *1 (E.D.N.Y. Apr. 20, 2017) (collecting cases); *Kheyn v.*

*City of New York*, No. 10-cv-3233, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (collecting cases) (holding that "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law").  And the Court must dismiss a case where it finds no basis for subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

      Accordingly, Plaintiff's application to proceed IFP, *see* ECF No. 5, is DENIED without prejudice to renew.  If Plaintiff wishes to proceed with this action, Plaintiff must, within 14 days of the date of this Order, either:  (1) pay the requisite filing fees to the Clerk of Court of the United States District Court for the Eastern District of New York; or (2) submit a complete Long Form IFP application that explains how he is able to pay his expenses.  If Plaintiff fails to do so within the time allowed, this action shall be dismissed without prejudice.

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, together with a Long Form IFP application form, and note the mailing on the docket.

      SO ORDERED.

                                               */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated:  Brooklyn, New York
         January 30, 2026